# EXHIBIT A

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                          )
                                         )
                    Plaintiff,           )
                                         )         CIVIL ACTION FILE NO. 20-A-3901
v.                                       )
                                         )
DIVERSIFIED MAINTENANCE                  )
SYSTEMS, LLC                             )
ABC CORPS. #1-3;                         )
JOHN DOES #1-3,                          )
                                         )
                    Defendants.          )
_____  )

## ANSWER AND DEFENSES OF DEFENDANT DIVERSIFIED MAINTENANCE SYSTEMS, LLC TO PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW**, Defendant Diversified Maintenance Systems, LLC, (hereinafter referred to as "Defendant"), and responds to the Amended Complaint filed by Aniefiok Frame (hereinafter referred to as "Plaintiff"). Discovery has just commenced and no written discovery or depositions have been undertaken or completed that would allow Defendant to fully evaluate the issues regarding liability, damages, and defenses. Accordingly, this Defendant responds with its preliminary answer and defenses. Without waiving this prefatory position, Defendant responds as follows:

### FIRST DEFENSE

Defendant asserts that the Amended Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

### FIRST DEFENSE

Defendant hereby reserves his right to amend its Answer to assert any other appropriate claims and/or defenses if such claims and/or defenses are supported by the facts and evidence that

are determined after Defendant conducts further investigation and discovery and has had an opportunity to depose Plaintiffs and other witnesses, and Defendant hereby puts all parties on notice that if such defenses are supported by the facts, Defendant will seek to amend its Answer at such appropriate time.

## SECOND DEFENSE

Defendant asserts that the injuries and damages alleged by Plaintiff may not have been proximately caused by any negligence on the part of Defendant or any entity or person for whose actions Defendant was legally liable. To the extent that Plaintiff's damages were a result of negligence, said negligence may be the proximate cause of the actions of entities or persons other than Defendant.

## THIRD DEFENSE

The injuries and damages complained of by Plaintiff may have been the result of actions or omissions by a third-party or parties for whom Defendant is not responsible, and therefore, Plaintiff may not be entitled to recover from Defendant.

## FOUTHTH DEFENSE

Defendant asserts that upon information and belief, Plaintiff economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and Defendant is entitled to have the Court consider the same in determining such special damages.

## FIFTH DEFENSE

If Plaintiff has sustained any damages in this cause, Plaintiff may have failed to mitigate said damages as required by law.

## SIXTH DEFENSE

If Plaintiff has sustained any damages in this cause, Plaintiff's medical expenses and treatment incurred in connection to said alleged damages may not have been reasonable and necessary as required by law and Plaintiff may therefore be unable to recover.

## SEVENTH DEFENSE

Defendant asserts that the Amended Complaint fails to establish that Defendant breached any duty or duties owed to Plaintiff.

## EIGHTH DEFENSE

The Defendant asserts that if the evidence shows that Plaintiff was negligent in bringing about the injuries and damages set forth in the Amended Complaint and said negligence was equal to or greater than any negligence on behalf of Defendant, Plaintiff is not entitled to damages.

## NINTH DEFENSE

The Defendant asserts that if the evidence shows that Plaintiff was comparatively negligent in bringing about the injuries and damages set forth in the Amended Complaint, but Plaintiff's negligence was less than any negligence found on behalf the Defendant, any award of damages to the Plaintiff should be reduced to the extent of Plaintiff's own negligence.

## TENTH DEFENSE

The Defendant asserts any alleged dangers connected with the alleged losses and injuries may have been open and obvious to Plaintiff, and, therefore, the Defendant asserts the affirmative defense of assumption of the risk and/or "avoidable consequences."

## ANSWER

## PARTIES AND JURISDICTION

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiff's Amended Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Amended Complaint.

3.

This allegation is not directed at this Defendant so this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiff's Amended Complaint.

4.

This allegation is not directed at this Defendant so this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Amended Complaint.

## **FACTUAL BACKGROUND**

6.

Defendant admits that at all times material hereto, it performed services pursuant to a Master Services Agreement between Defendant and The Home Depot at the subject The Home Depot retail store location at 4101 Roswell Road, Marietta, Cobb County, Georgia 30062.

7.

Defendant admits that on or about July 16, 2019, an employee/agent of Defendant operated a cleaning machine inside the subject store but is without knowledge or information sufficient to form a belief as to the truth the remaining allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Amended Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of the Plaintiff's Amended Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint.

## **Count 1: Negligence**

Defendant incorporates all defenses and responses as if fully set forth herein.

11.

Defendant admits that at all material times it controlled the operations of its janitorial services business and that it provided safety training to its employees, but Defendant denies the remaining allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Amended Complaint, including but not limited to subparagraphs (i), (ii), and (iii).

13.

Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Amended Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Amended Complaint.

## Count II: Premises Liability

15.

Defendant incorporates all defenses and responses as if fully set forth herein.

16.

Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Amended Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Amended Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Amended Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Amended Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Amended Complaint, including but not limited to subparagraphs (a), (b), (c), (d), (e), and (f).

<u>Wherefore Paragraph // Ad Damnum Clause</u>

To the extent the "Wherefore" paragraph (Ad damnum clause) contained in the Plaintiff's Complaint and requires a response, Defendant denies the same, including – but not limited to – subparts (a), (b), (c), (d), and (e).

**WHEREFORE**, Defendant respectfully prays as follows:

a)      That the Plaintiff's Amended Complaint be dismissed on the grounds set forth above and all costs cast against the Plaintiff;

b)      In the alternative, that judgment be granted in favor of Defendant on all counts;

c)      That Defendant have a trial by twelve (12) jurors, as the law provides;

d)      For such other and further relief that the Court deems just and proper.

This 29th day of March, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Counsel for Defendant Diversified Maintenance Systems, LLC*

225 Peachtree Street
South Tower, Suite 1750
Atlanta, Georgia 30303
P: (404) 522-6888
F: (404) 522-0108

clc@rclawllp.com
slb@rclawllp.com
info@rclawllp.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. 20-A-3901 |
| v. | ) | |
| | ) | |
| DIVERSIFIED MAINTENANCE | ) | |
| SYSTEMS, LLC | ) | |
| ABC CORPS. #1-3; | ) | |
| JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this date served all counsel in the foregoing matter with a copy of the foregoing **ANSWER AND DEFENSES OF DEFENDANT DIVERSIFIED MAINTENANCE SYSTEMS, LLC TO PLAINTIFF'S AMENDED COMPLAINT** by electronic mail at the primary email address on record with the electronic filing service provider:

Nigel Phiri, Esq.
Morgan & Morgan, PLLC
nphiri@forthepeople.com
mhendrix@forthepeople.com
*Counsel for Plaintiff*

This 29th day of March, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Counsel for Defendant Diversified Maintenance Systems, LLC*

The following filing was received by PeachCourt and has been successfully transmitted to the Clerk of Cobb State Court. You will receive a separate confirmation message if this filing is accepted by the clerk. We invite you to reply to this message if you have any questions.

Submission Date: 3/29/2021 at 1:37 PM
Peach #: E-ZTKUKEG5
Case #: 20-A-3901
Case Name: ANIEFIOK FRAME VS DIVERSIFIED MAINTENANCE SYSTEMS

Documents

Answer: Frame - DMS Answer to Amended Complaint
Frame - DMS Answer to Amended Complaint.pdf

Filer: Carrie Christie Payment amount: $0.00


Thank you for filing with PeachCourt, Georgia's eFiling and Document Access Solution.
If you have any questions about the status of this filing, please call the PeachCourt Support Center at 844-GA-EFILE (844-423-3453) and refer to Peach #E-ZTKUKEG5.

PeachCourt is powered by a partnership between the Council of Superior Court Clerks of Georgia and GreenCourt Legal Technologies, LLC.


**We are here to help! Reach out however you like:**

**Reply to this message**
**Call toll-free 844-GA-EFILE**
**Chat at** https://www.peachcourt.com/
**Learn a lot at** http://awesome.peachcourt.com/

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**MAR 25, 2021 12:48 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **ANIEFIOK FRAME,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO:  20-A-3901** |
| | ) | |
| **DIVERSIFIED MAINTENANCE** | ) | |
| **SYSTEMS, LLC; ABC CORPS. #1-3;** | ) | |
| **JOHN DOES #1-3,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

### PLAINTIFF'S NOTICE OF FILING PROOF OF SERVICE

COMES NOW, Plaintiff ANIEFIOK FRAME and files this Notice of Filing Sheriff's Entry of Service for service upon Defendant DIVERSIFIED MAINTENANCE SYSTEMS, LLC'S Registered Agent for Service, Incorp Services Inc., attached hereto as Exhibit A, which indicates Defendant's Registered Agent was served with the:

1. Summons and Amended Complaint;

2. Plaintiff's First Request for Admissions to Defendant Diversified Maintenance Systems, LLC;

3. Plaintiff's First Interrogatories and Request for Production of Documents to Defendant Diversified Maintenance Systems, LLC;

4. Plaintiff's Notice of 30(b)(6) Video Deposition of a Representative of Diversified Maintenance Systems, LLC; and

5. Rule 5.2 Certificate of Service

on March 12, 2021 by Fulton County Marshal's Department.

This 25th day of March, 2021.

Respectfully submitted,


*/s/  Nigel Phiri*
Nigel Phiri
Georgia Bar No. 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Main:   (404) 965-8811
Fax:     (404) 496-7385
Email:   nphiri@forthepeople.com

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. **20-A-3901**     21MR00274

| | | | |
|---|---|---|---|
| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Date Filed _____

**SECOND ORIGINAL** Georgia, **COBB** COUNTY

Attorney's Address   **Nigel, Phiri**
**Morgan & Morgan, PLLC**
**P.O. BOX 57007**
**Atlanta, GEORGIA 30343-** **COST PAID**

Frame, Afieniok; FRAME, ANIEFIOK

Plaintiff

MAR 11 2021

VS.

The Home Depot, Inc.; ABC CORPS. #1-3; DOES #1-3,

Name and Address of Party to be Served.
**Diversified Maintenance Systems, LLC**

Fulton County Marshal's Dept.
Receipt # FCMD40210294

$30.00  By: CB

JOHN; THE HOME DEPOT, INC.;; ABC CORPS. #1-3;;

**c/o Incorp Services, Inc., 9040 Roswell Rd, #500**

Defendant

**Atlanta, GEORGIA 30350**

Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant Diversified Maintenance Systems LLC _____ a corporation
by leaving a copy of the within action and summons with Incorp Services c/o Kathy Crawford
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This 12 day of March, 20 21

N. Mantine 442
Deputy

EXHIBIT A

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**MAR 19, 2021 04:22 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                  )
                                 )
                Plaintiff,       )
                                 )     CIVIL ACTION FILE NO. 20-A-3901
v.                               )
                                 )
DIVERSIFIED MAINTENANCE          )
SYSTEMS, LLC                     )
ABC CORPS. #1-3;                 )
JOHN DOES #1-3,                  )
                                 )
                Defendants.      )
_____)

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that pursuant to the Uniform Superior Court Rule 5.2, I have on this date

served all counsel in the foregoing matter with a copy of **DEFENDANT'S REQUEST FOR**

**PRODUCTION OF DOCUMENTS TO NON-PARTY THE DIRECTV GROUP, INC.** by

electronic mail at the primary email address on record with the electronic filing service provider:

Nigel Phiri, Esq.
Georgia State Bar No. 110935
nphiri@forthepeople.com

This 19th day of March, 2021.

RUTHERFORD & CHRISTIE LLP

/s/ Carrie L. Christie
_____
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No.  240161
*Attorneys for Diversified*
*Maintenance Systems, LLC*

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**MAR 18, 2021 04:05 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANIEFIOK FRAME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. 20-A-3901 |
| v. | ) |
| | ) |
| DIVERSIFIED MAINTENANCE | ) |
| SYSTEMS, LLC | ) |
| ABC CORPS. #1-3; | ) |
| JOHN DOES #1-3, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## SECOND AMENDED NOTICE TO TAKE DEPOSITION OF
## PLAINTIFF ANIEFIOK FRAME

To:    Aniefiok Frame
c/o Nigel Phiri, Esq.
Morgan & Morgan, PLLC
P.O. Box 57007
Atlanta, Georgia 30343
nphiri@forthepeople.com

Please take notice that, pursuant to § 26 and § 30 of the Georgia Civil Practice Act (O.C.G.A. §9-11-26 and §9-11-30), the **Defendant Diversified Maintenance Systems, LLC** will take the stenographic and may take the video deposition of **Plaintiff Aniefiok Frame** on **March 24, 2021** commencing at **10:00 a.m.** at the office of **Nigel Phiri, Esq.** located at **Morgan & Morgan, PLLC, 191 Peachtree St NE #4200, Atlanta, GA 30303** for the purpose of discovery, the purpose of use as evidence at trial and any other purposes allowed under Georgia Law.

Notice is further given that we reserve the right to conduct this deposition using the secure web-based deposition option afforded by Veritext or, in the alternative, video teleconferencing (VTC) services offered by Veritext ("Web Deposition") or telephonically only

to provide remote access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of reporting the proceeding and may or may not be in the presence of the deponent.

Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

In addition, we also reserve the right to use instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to the writing of the same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

The deposition will be taken before an officer duly authorized by law to administer oaths, and will continue until completed.

This 18th day of March, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*

_____
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Attorneys for Defendant Diversified Maintenance Systems, LLC*

225 Peachtree Street NE
South Tower, Suite 1750
Atlanta, Georgia 30303
P: (404) 522-6888
F: (404) 522-0108
E-Mail: info@rclawllp.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. 20-A-3901 |
| v. | ) | |
| | ) | |
| DIVERSIFIED MAINTENANCE | ) | |
| SYSTEMS, LLC | ) | |
| ABC CORPS. #1-3; | ) | |
| JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served the opposing party in the foregoing matter with a copy of the **SECOND AMENDED NOTICE TO TAKE DEPOSITION OF PLAINTIFF ANIEFIOK FRAME** by electronic mail at the primary email address on record with the electronic filing service provider:

Nigel Phiri, Esq.                                Veritext Atlanta
Morgan & Morgan, PLLC                calendar-ga@veritext.com
nphiri@forthepeople.com
mhendrix@forthepeople.com
*Attorney for Plaintiff*

This 18th day of March, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
_____
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Attorneys for Defendant Diversified Maintenance Systems, LLC*

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**FEB 08, 2021 04:34 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ANIEFIOK FRAME,                               )
                                              )
   Plaintiff,                 )   CIVIL ACTION NO.
                                              )   20-A-3901
v.                                            )
                                              )
HOME DEPOT U.S.A., INC.; ABC CORPS #1-        )
3; JOHN DOE #1-3                              )
                                              )
   Defendants.                )

## CERTIFICATE OF SERVICE OF DISCOVERY PURSUANT TO THE UNIFORM STATE COURT RULE 5.2

Pursuant to Rule 5.2 of the Uniform State Court Rules, the undersigned counsel of Defendant Home Depot U.S.A., Inc. certifies that he has served the following pleading on all counsel of record and that the same was sent via email, properly addressed thereon on January 14, 2021

- **Defendant Home Depot U.S.A., Inc.'s Responses and Objections To Plaintiff's First Request for Admissions to Defendant**

and served the following pleading on all counsel of record and that the same was sent via email, properly addressed thereon on February 8, 2021

- **Defendant Home Depot U.S.A., Inc.'s Responses and Objections to Plaintiff's First Request for Production of Documents**
- **Defendant Home Depot U.S.A., Inc.'s Responses and Objections to Plaintiff's First Interrogatories**

This 8th day of February, 2021.

Respectfully submitted,

**HANKS LAW GROUP, LLC**

/s/ Brandon G. Day
JERALD R. HANKS
Georgia State Bar No. 323470
BRANDON G. DAY

Georgia State Bar No. 101496
*Attorneys for Defendant Home Depot, U.S.A., Inc.*

The Hardin Building
1380 West Paces Ferry Road
Suite 2265
Atlanta, Georgia  30327
404-892-1991 (P)
404-892-8180 (F)
jrhanks@hankslawgroup.com
bday@hankslawgroup.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 20-A-3901 |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC.; ABC CORPS #1-3; JOHN DOE #1-3 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of CERTIFICATE OF SERVICE OF DISCOVERY PURSUANT TO THE UNIFORM STATE COURT RULE 5.2 via electronic filing with PeachCourt to the following:

Nigel Phiri
191 Peachtree Street N.E. Ste. 4200
Atlanta, Georgia  30343
nphiri@ForThePeople.com

This 8th day of February, 2021.

Respectfully submitted,
**HANKS LAW GROUP, LLC**

*/s /Brandon G. Day*
BRANDON G. DAY
Georgia State Bar No. 101496
*Attorney for Defendant Home Depot U.S.A., Inc.*

1380 West Paces Ferry Rd., Suite 2265
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)
bday@hankslawgroup.com

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**FEB 18, 2021 11:51 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. 20-A-3901 |
| v. | ) | |
| | ) | |
| HOME DEPOT, U.S.A., INC.; | ) | |
| ABC CORPS. #1-3; | ) | |
| JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### <u>NOTICE TO TAKE DEPOSITION OF PLAINTIFF ANIEFIOK FRAME</u>

To:     Aniefiok Frame
        c/o Nigel Phiri, Esq.
        Morgan & Morgan, PLLC
        P.O. Box 57007
        Atlanta, Georgia 30343
        nphiri@forthepeople.com

Please take notice that, pursuant to § 26 and § 30 of the Georgia Civil Practice Act (O.C.G.A. §9-11-26 and §9-11-30), the Defendant Home Depot, U.S.A., Inc. will take the stenographic and may take the video deposition of **Plaintiff Aniefiok Frame on March 22, 2021** commencing at **10:00 a.m.** at the office of **Nigel Phiri, Esq.** located at **Morgan & Morgan, PLLC, 191 Peachtree St NE #4200, Atlanta, GA 30303** for the purpose of discovery, the purpose of use as evidence at trial and any other purposes allowed under Georgia Law.

Notice is further given that we reserve the right to conduct this deposition using the secure web-based deposition option afforded by Veritext or, in the alternative, video teleconferencing (VTC) services offered by Veritext ("Web Deposition") or telephonically only to provide remote access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the

options above for the purposes of reporting the proceeding and may or may not be in the presence of the deponent.

Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

In addition, we also reserve the right to use instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to the writing of the same on one's laptop, Ipad, tablet or other type of display device connected to the court reporter.

The deposition will be taken before an officer duly authorized by law to administer oaths, and will continue until completed.

This 18th day of February, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*

_____
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Attorneys for Defendant Home Depot, U.S.A., Inc.*

225 Peachtree Street NE
South Tower, Suite 1750
Atlanta, Georgia 30303
P: (404) 522-6888
F: (404) 522-0108
E-Mail: info@rclawllp.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                    )
                                   )
                    Plaintiff,     )
                                   )        CIVIL ACTION FILE NO. 20-A-3901
v.                                 )
                                   )
HOME DEPOT, U.S.A., INC.;          )
ABC CORPS. #1-3;                   )
JOHN DOES #1-3,                    )
                                   )
                    Defendants.    )
_____    )

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served the opposing party in the foregoing matter

with a copy of the **NOTICE TO TAKE DEPOSITION OF PLAINTIFF** by electronic mail at

the primary email address on record with the electronic filing service provider:

Nigel Phiri, Esq.                          Veritext Atlanta
Morgan & Morgan, PLLC                      calendar-ga@veritext.com
nphiri@forthepeople.com
*Attorney for Plaintiff*


This 18th day of February, 2021.

                    RUTHERFORD & CHRISTIE LLP

                    */s/ Carrie L. Christie*
                    _____
                    Carrie L. Christie
                    Georgia State Bar No. 125248
                    Savannah L. Bowling
                    Georgia State Bar No. 240161
                    *Attorneys for Defendant Home Depot, U.S.A., Inc.*

✉ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**MAR 05, 2021 10:02 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                                )
                                               )
                      Plaintiff,               )
                                               )        CIVIL ACTION FILE NO. 20-A-3901
v.                                             )
                                               )
HOME DEPOT, U.S.A., INC.;                      )
ABC CORPS. #1-3;                               )
JOHN DOES #1-3,                                )
                                               )
                      Defendants.              )
_____        )

## ORDER GRANTING CONSENT MOTION TO SUBSTITUTE PARTIES

The Consent Motion to Substitute Parties to substitute in Diversified Maintenance Systems, LLC for Home Depot, U.S.A., Inc. as the proper defendant in the above-captioned matter, having been read and considered, and for good cause shown, this Honorable Court hereby GRANTS the Motion and Orders, Adjudges, and Decrees as follows:

That pursuant to O.C.G.A. §§ 9-11-15, and 9-11-21, Plaintiff Aniefiok Frame is granted leave of court to amend his Complaint to substitute Diversified Maintenance Systems, LLC for and in the place of Home Depot, U.S.A., Inc., with all such claims against Diversified Maintenance Systems, LLC relating back to the filing of the Complaint against Home Depot, U.S.A., Inc., and that upon entry of this Order, Home Depot, U.S.A., Inc. shall be dismissed without prejudice and removed from the style of this case as a party defendant. By consent of the parties, Diversified Maintenance Systems, LLC shall be subject to all deadlines that were in place against Home Depot, U.S.A., Inc. as not to cause delay in the proceedings.

IT IS SO ORDERED, this 5th day of March, 2021.

_____
Hon., John S. Morgan
State Court of Cobb County

Agreed and consented to by:

___Nigel Phiri_____
*(Signed by Carrie Christie with expression permission from Nigel Phiri, Esq.)*
Nigel Phiri, Esq.
Georgia State Bar No. 110935
Morgan & Morgan, PLLC
P.O. Box 57007
Atlanta, Georgia 30343
P: 404-965-8811
F: 404-496-7385
nphiri@forthepeople.com
*Counsel for Plaintiff*


___/s/ Carrie Christie_____
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
225 Peachtree Street
South Tower, Suite 1750
Atlanta, Georgia 30303-1730
P: (404) 522-6888
F: (404) 522-0108
info@rclawllp.com
*Counsel for Home Depot, U.S.A., Inc. and
Diversified Maintenance Systems, LLC*

Certificate of Service

I certify that I have on this date served a true and correct copy of the foregoing Order to all parties and/or their attorney of record by electronically filling the foregoing document using the Cobb County PeachCourt system.  I further certify that the foregoing document was served upon the following person(s) via the Cobb County PeachCourt system:

Nigel Phiri, Esq. – nphiri@forthepeople.com
Carrie L. Christie, Esq. – info@rclawllp.com

This, the 5th day of March, 2021.

_____
Allison Schnatmeier, Judicial Administrative Specialist
to Judge John S. Morgan, State Court of Cobb County

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>20-A-3901</u>

$0.00 COST PAID

Frame, Afieniok
FRAME, ANIEFIOK

---

**PLAINTIFF**

                                    **VS.**

The Home Depot, Inc.
ABC CORPS. #1-3
DOES #1-3, JOHN
THE HOME DEPOT, INC.;
ABC CORPS. #1-3;
DOES #1-3, JOHN
HOME DEPOT., U.S.A. INC.
Diversified Maintenance Systems, LLC

---

**DEFENDANTS**

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 2

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

**SUMMONS**

TO: DIVERSIFIED MAINTENANCE SYSTEMS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Phiri Nigel**
**Morgan & Morgan, PLLC**
**P.O. BOX 57007**
**Atlanta, Georgia 30343**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of March, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**MAR 01, 2021 11:37 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ANIEFIOK FRAME,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO:  20-A-3901** |
| | ) | |
| **DIVERSIFIED MAINTENANCE,** | ) | |
| **LLC; ABC CORPS. #1-3;** | ) | |
| **JOHN DOES #1-3,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

### Rule 5.2 Certificate of Serving Discovery

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the summons.

1. Summons and Complaint;
2. Plaintiff's First Request for Admissions to Defendants
3. Plaintiff's First Continuing Interrogatories to Defendants; and
4. Plaintiff's First Request for Production of Documents to Defendants

This 26th day of February, 2021.

Respectfully submitted,

/s/  Nigel Phiri
Nigel Phiri
Georgia Bar No. 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Main:   (404) 965-8811
Fax:   (404) 496-7385
Email:   nphiri@forthepeople.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

MAR 01, 2021 11:37 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO:  20-A-3901 |
| | ) | |
| DIVERSIFIED MAINTENANCE | ) | |
| SYSTEMS, LLC; ABC CORPS. #1-3; | ) | JURY TRIAL DEMANDED |
| JOHN DOES #1-3, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

<u>**TOPICS OF PLAINTIFF'S OCGA 9-11-30(B)(6) 30  DEPOSITION OF
DEFENDANT DIVERSIFIED MAINTENANCE SYSTEMS, LLC**</u>

COMES NOW Plaintiff Aniefiok Frame (hereinafter "Plaintiff") and files this his Topics of Plaintiff's OCGA 9-11-30(b)(6) Deposition of Defendant Diversified Maintenance Systems, LLC (hereinafter "Defendant") requesting that, pursuant to OCGA 9-11-30(B)(6) 30, Defendant is to designate one or more officers, directors, or managing agents, or other persons who consent to testify on Defendant's behalf pertaining to the incident that occurred at Defendant's store, which is located at 2950 Chapel Hill Road, Douglasville, Georgia 30135 (the "Premises") on July 16, 2019 in which Plaintiff was injured, and specifically:

<u>**GENERAL TOPICS:**</u>

1. The identity of all employees or contractors you spoke with to prepare to discuss the topics in this deposition notice.

2. The subject matter and content of all communications between you and any individual to prepare yourself to discuss the topics in this deposition notice, **not including communications containing legal advice from attorneys or legal professionals**.

3. All documents, photographs, videos, pleadings, discovery responses, and/ or written communications you reviewed to prepare to discuss the topics in this deposition notice, **not including those containing legal advice prepared by attorneys or legal professionals**.

<u>**TOPICS REGARDING GENERAL HAZARDS**</u>

4. Your procedures on July 16, 2019 for inspecting and removing hazards on the Premises.

5.  Your definition of a "hazard" within the common areas and how your employees are expected to identify potential hazards on the Premises. **NOTE: The deponent should be able to explain why and how you and your employees consider something a "hazard" on the Premises on July 16, 2019.**

6.  The purpose for inspecting for and removing "hazards" within the common areas on July 16, 2019, if you had a procedure for inspecting for potential hazards on July 16, 2019.

## TOPICS REGARDING INSPECTION PROCEDURES

7.  Your procedures for inspecting and removing hazards in the flooring area where the incident occurred on July 16, 2019.

8.  Your procedures for training employees on inspecting and removing hazards in the flooring area where the incident occurred on July 16, 2019.

9.  Your procedures for performing inspection and maintenance around shelves and end caps throughout the Premises on July 16, 2019.

10. Your procedures for training employees on performing inspection and maintenance around shelves and end caps throughout the Premises on July 16, 2019.

11. Potential hazards present when inspecting and maintaining the Premises floor.

12. Potential hazards present when inspecting and maintaining the flooring area around shelves and end caps.

13. Potential hazards created by the performance of inspecting and maintaining flooring around shelves and end caps.

## TOPICS REGARDING THE SUBJECT PREMISES

14. Ownership and ownership structure of the subject Premises.

15. The names and job titles for all individuals that worked on the Premises on July 16, 2019.

16. The names and job titles for all individuals that spoke with Plaintiff while she was on the Premises on July 16, 2019.

17. Operational factors in effect on July 16, 2019 regarding the Premises to include:

    a.  Hours of operation.
    b.  Shopping patterns.
    c.  Foot traffic.
    d.  Number of aisles in the store.

Page 2

e.  Layout of the area of the store where the incident happened.
f.  Frequency of inspections.

## TOPICS REGARDING THE SUBJECT SHELF/END CAP

18. The make and model of the shelf/end cap that collapsed onto Plaintiff.

19. Any manufacturer's instructions included with the shelf/end cap.

20. The weight of the shelf/end cap.

21. The current physical location of the shelf/end cap.

22. The material used to create the shelf/end cap (what material is made from).

23. Any identifying markers on the shelf/end cap to include:

a.  Color,
b.  Dimensions
c.  Physical attributes.

## TOPICS REGARDING THE SUBJECT MACHINE

24. The make and model of the machine that made contact with shelf/end cap that collapsed onto Plaintiff.

25. Any manufacturer's instructions included with the machine.

26. The weight of machine.

27. The current physical location of the machine.

28. The material used to create the machine (what material is made from).

29. Any identifying markers on the machine cap to include:

d.  Color,
e.  Dimensions
f.  Physical attributes.

## TOPICS REGARDING THE SUBJECT INCIDENT

30. How the subject incident occurred.

31. The last inspection/cleaning/maintaining of the subject area prior to Plaintiff's fall.

32. Who is fault for the subject incident occurring.

33. All liability and excess policies providing liability insurance for injuries on Premises in effect on July 16, 2019.

## **TOPICS REGARDING INCIDENT and INCIDENT REPORTING**

34. All correspondences you received from Plaintiff and/ or Plaintiff's attorney within one year after the date of incident, including the date of receipt, content, and instructions.

35. The identity of all individuals who created an incident report, inspected the scene of Plaintiff's incident on the Premises, spoke with Plaintiff about the incident, and spoke with any other potential witnesses to the subject incident.

36. Your procedures for investigating and documenting incidents involving bodily injuries on the Premises on or about the date of incident.

37. The method and policy for completing incident reports by you and your employees on July 16, 2019.

38. All information you collected during your investigation of this incident as part of your standard operating procedure related to reports of personal injuries on the Premises**. NOTE: This topic specifically requests information that was obtained prior to the involvement of your attorneys and does NOT include any information obtained as part of work-product of your attorneys.**

39. The results of any investigation by you and your employees to determine what may have caused the subject incident. **NOTE: This topic specifically requests information that was obtained prior to the involvement of your attorneys and does NOT include any information obtained as part of work-product of your attorneys.**

40.  Reprimands, punishments, or warnings given to employees in connection with Plaintiff's incident on July 16, 2019.

## **VIDEO SURVEILLANCE**

41. The location, quantity, type, model, and brand of any and all surveillance/ video cameras and recording equipment located on the Premises on July 16, 2019.

42. The operation of any such video surveillance equipment on July 16, 2019, including self-deleting functions and preservation options of the footage.

43. The individuals with access and control of the video surveillance footage from the Premises on July 16, 2019.

44. The current location and status of any and all video surveillance footage from the Premises from the date of incident.

45. Your policies and procedures related to preserving video surveillance footage in the event of a reported personal injury on the Premises on or about the date of incident.

46. All individuals who were shown, have viewed, controlled, were sent, received, or stored any video surveillance footage from the Premises on July 16, 2019.

47. Defendant's Answer and Defendant's Discovery Responses.

48. Defendant's website at www.diversifiedm.com

This 26th day of February, 2021.

Respectfully Submitted,

/s/ Nigel Phiri
Nigel Phiri
Georgia Bar Number 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:    (404) 965-8811
Facsimile:     (404) 965-8812

Page 5

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO:  20-A-3901** |
| | ) | |
| DIVERSIFIED MAINTENANCE | ) | |
| SYSTEMS, LLC; ABC CORPS. #1-3; | ) | **JURY TRIAL DEMANDED** |
| JOHN DOES #1-3, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

This certifies that I have this day served a copy of the foregoing TOPICS OF PLAINTIFF'S OCGA 9-11-30(B)(6) 30 DEPOSITION OF DEFENDANT DIVERSIFIED MAINTENANCE SYSTEMS, LLC using the court's electronic filing system upon the following:

RUTHERFORD & CHRISTIE LLP
Carrie Christie
Savannah L. Bowling
225 Peachtree Street, NE
South Tower, Suite 1750
Atlanta, Georgia 30303

HANKS LAW GROUP, LLC
Jerald R. Hanks
Brandon G. Day
1380 West Paces Ferry Road, Suite 2265
Atlanta, Georgia  30305

This 26th day of February, 2021.

Respectfully Submitted,

<u>/s/ Nigel Phiri</u>
Page 6

Nigel Phiri
Georgia Bar Number 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 965-8874

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

20-A-3901

MAR 01, 2021 11:37 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ANIEFIOK FRAME,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO:** |
| | ) | |
| **THE HOME DEPOT, INC.;** | ) | |
| **ABC CORPS. #1-3;** | ) | **JURY TRIAL DEMANDED** |
| **JOHN DOES #1-3,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

**COMES NOW** Plaintiff and hereby requests that Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of Morgan & Morgan Atlanta, P.L.L.C., 191 Peachtree Street NE, Suite 4200, Atlanta, Georgia 30303, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

## DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1.  "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that Does not appear on the original.

2.  "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3.  If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4.  The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences.  The words in the headings are not a substitute for a full reading of the words in the actual request.

## DOCUMENT REQUESTS

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiff's Amended Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Please produce every insurance agreement under which an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

8.

Please produce every document provided to you by any expert you expect to call as an expert witness at trial of this case that relate to any facts about the subject matter of this action.

9.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

10.

Please produce all statements Plaintiff provided to you or in your possession concerning the subject matter of this action.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective on</u> the date of this incident as alleged in the Amended Complaint.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective after</u> the date of this incident as alleged in the Amended Complaint.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Amended Complaint for the subject property, including but not limited to any references to procedures for inspection of the premises, or any reference to the subject falling object.

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of this incident as alleged in the Amended Complaint for the subject property, including but not limited to any references to procedures for inspection, maintenance or

cleaning the shelves in the area where Plaintiff fell.

15.

A blank copy of the incident report used by Defendants for documenting, and reporting Plaintiff's injury at the subject property on the date of this incident as alleged in the Amended Complaint.

16.

A fully legible copy of the incident report completed by you and regarding Plaintiff's injury at the subject property on the date of this incident as alleged in the Amended Complaint.

17.

All written notes, schedules, memos, computer documentation, etc., which evidence any inspections of the subject property for the last three (3) years.

18.

Please produce all legal complaints filed against you since the date of the incident alleged in the Amended Complaint, for allegations of an injury at the subject Premises.

19.

Please produce copies of all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a falling object at the Premises for the last three (3) years.

20.

Please produce copies of the personnel file for each employee who, to your knowledge, spoke with Plaintiff on the date of incident, cleaned or inspected within 20 feet radius of the area on the Premises where Plaintiff was injured on the date of incident prior to Plaintiff's injury, provided statements relating to any investigation or creation of an incident report related to the

condition of the shelf or the falling object on the date of incident, and preserved any video recordings of Plaintiff on the Premises from the date of incident.

21.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning incidents of someone becoming injured on the subject property for the last three (3) years.

22.

Copies of any depositions taken of any of your employees, experts, consultants, or witness in any case in the last five (5) years involving allegations of someone becoming injured at the subject property.

23.

Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a workers' compensation injury being sustained at the subject property for the last three (3) years.

24.

Please produce all technical bulletins or directives sent by you or posted at the subject property concerning slip and falls in the last five (5) years.

25.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the subject area concerning Plaintiff's injury at your property on the date of the incident as alleged in the Amended Complaint.

26.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's injury on the date of the incident as alleged in the Amended Complaint.

27.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning the subject object and shelf at the subject property in the subject area in the last three (3) years.

28.

Copies of any and all of your employee timesheets, reports, invoices, and emails concerning work at the subject property on the date of the incident as alleged in the Amended Complaint.

29.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's injury at the subject property on the date of the incident as alleged in the Amended Complaint.

30.

Please produce copies of any and all documents or reports related to the area on the Premises where Plaintiff was injured on the date of this incident including the procedure for warning patrons of potentially hazardous conditions that may be created in that area.

This 25th day of February, 2021.

Respectfully submitted,

/s/  Nigel Phiri
Nigel Phiri
Georgia Bar No. 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Main:   (404) 965-8811
Fax:    (404) 496-7385
Email:  nphiri@forthepeople.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**MAR 01, 2021 11:37 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ANIEFIOK FRAME,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **FILE NO:  20-A-3901** |
| ) | |
| **DIVERSIFIED MAINTENANCE,** ) | |
| **LLC; ABC CORPS. #1-3;** ) | |
| **JOHN DOES #1-3,** ) | |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

**COMES NOW** Plaintiff and serves upon each Defendant Plaintiff's First Continuing Interrogatories to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.  Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within thirty (30) days from the receipt of such information, but not later than the time of trial.

## DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of any Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)   "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)   The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3)   "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4)   "Identify" means the following:

(a)   When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b)   When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)   When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in

specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d)     When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## **INTERROGATORIES**

1.

Please identify the full and correct legal names of the owners, manager(s), and operators of Defendant Diversified Maintenance Systems, LLC who performed maintenance services at the Home Depot located at 4101 Roswell Road, Marietta, Cobb County, Georgia 30062 (the "Premises") on July 16, 2019 (the "date of incident"). If these are different persons or entities, please clarify which parties owned and which managed or operated the Premises.

2.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Documents.

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendants or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

    (a)    Were eyewitnesses to the incident that gives rise to this lawsuit;

    (b)    Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

    (c)    Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

    (d)    Assisted Plaintiff after sustaining an injury at the subject premises.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any videos, photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location on the Premises.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Identify each person you employ who was working on the Premises on the date of the incident, including the times they were working, their titles/positions, and whether they were required to inspect and/or clean the area where Plaintiff fell on the Premises on the date of incident.

11.

To your information or belief, has there been any surveillance, photographs or videos of *any* party?  If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

12.

Please identify every time you have been informed about the falling object from the shelf within a 20' radius of Plaintiff on the date of the incident. Include with your response the name of the person providing the information, the date the information was provided, the individual who

received the information, and any and all steps that were taken in response to the information.

13.

Please identify each individual who setup, cleaned, inspected or otherwise was responsible for maintenance duties on the date of this incident as alleged in the Complaint at the subject property.  Were these person(s) employees or agents of Defendants?  If not, please identify what entity employed them at the time of Plaintiff's injury.

14.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

15.

Identify any and all persons known to Defendants who have become injured at the subject property at any time in the last three (3) years.

16.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(a)     The exact location at the subject property where the individual was injured;

(b)     The cause of the injury;

(c)     Whether any incident report was prepared;

(d)     The information contained in such incident report;

(e)     The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having knowledge regarding said injury.

17.

Please state whether there existed, prior to the incident which is the subject of Plaintiff's Complaint, any procedure or program for the regular inspection of the subject property by Defendants or someone acting in its behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof.  If so:

(a)   Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b)   State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c)   State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d)   Identify all documents relating to each such procedure or program and their findings.

18.

Please identify any and all procedures or programs for inspection of the subject property, existing on the date of this incident as alleged in the Complaint, including the following:

(a)   Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(b)   Identify each person charged with said inspection(s);

(c)   Identify each person charged with implementing and conducting each such procedure or program; and

(d)   Identify all documents relating to such procedure or program and their findings.

19.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspections at the subject property since the date of this incident as alleged in the Complaint.

20.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendants or Defendants' agents and servants? If your answer is yes, please identify:

(a)     The party whom you contend was guilty of such negligence;

(b)     Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c)     Each and every fact and reason upon which you base your contentions; and

(d)     Each and every person who has any knowledge or information concerning each such fact.

21.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint.  If so:

(a)     State the date you acquired such knowledge and/or information;

(b)     State what knowledge and/or information you had;

(c)     Identify the person or persons who made such knowledge and/or information known to you;

(d)     State whether any remedial and/or corrective action was taken based upon such knowledge;

(e)     Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

(f)     Identify any documents relating to such condition and/or corrective action.

22.

Please identify any inherent aspect of the subject premises where Plaintiff was injured, which you believe posed a risk of physical injury to persons.  As to each such fact or circumstance identified:

(a)     State when you were apprised of such inherent risk of danger; and

(b)     Identify all documents relating to such fact or circumstance.

23.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

24.

Please identify any and all other similar incidents or allegations for which a visitor or employee has complained (either by letter, email, or verbally) of sustaining an injury at the subject property, occurring during the last three (3) years.

25.

Please identify any and all other similar incidents or allegations for which you have prepared an incident report concerning a visitor or employee who has complained of sustaining an

injury at the subject property, occurring during the last three (3) years.

26.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed an insurance claim against Defendants and related to injuries at the subject property, occurring during the last three (3) years.

27.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed a lawsuit against Defendants and related to injuries at the subject property, occurring during the last three (3) years.

28.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

29.

Please state whether the falling object or debris related thereto was discovered by your employees within ten feet of the area where Plaintiff was injured by the falling object on the Premises on the date of this incident as alleged in the Complaint.

30.

Please identify all individuals who had knowledge of the falling object that caused Plaintiff's injury on the subject property on the date of this incident as alleged in the Complaint.

31.

Identify all instructions and documents related to inspecting the interior of the subject property in effect on the date of this incident as alleged in the Complaint.

32.

Identify any and all safety manuals and written procedures effective on the date of this incident as alleged in the Complaint, concerning installing, maintaining, cleaning or inspecting the area of the Premises where Plaintiff was injured on the date of the incident..

33.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

This the 25th day of February, 2021.

Respectfully submitted,

*/s/   Nigel Phiri*
Nigel Phiri
Georgia Bar No. 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Main:   (404) 965-8811
Fax:      (404) 496-7385
Email:  nphiri@forthepeople.com

⏚ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**MAR 01, 2021 11:37 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **ANIEFIOK FRAME,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO:  20-A-3901** |
| | ) | |
| **DIVERSIFIED MAINTENANCE,** | ) | |
| **LLC; ABC CORPS. #1-3;** | ) | |
| **JOHN DOES #1-3,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## <u>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS</u>

**COMES NOW** Plaintiff and hereby requests that each Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36.  If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter.  If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications.  If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

## <u>REQUESTS FOR ADMISSION</u>

1.

Please admit that on July 16, 2019 ("the date of the incident"), you were conducting business and/or performing on-site maintenance services at the Home Depot Store #111 located at 4101 Roswell Road, Marietta, Cobb County, Georgia 30062 (hereinafter the "Premises").

2.

Please admit that on the date of this incident as alleged in the Complaint, your employee/agent operated the subject equipment on the property located at 4101 Roswell Road, Marietta, Cobb County, Georgia 30062.

3.

Please admit that on the date of this incident as alleged in the Complaint, an employee/agent was operating machinery near the area where Plaintiff was shopping on the Premises.

4.

Please admit that Plaintiff was injured due to a falling object at the subject Premises on the date of this incident.

5.

Please admit that at the time of Plaintiff's injury on the date of this incident as alleged in the Complaint, Plaintiff was an invitee at and on the subject premises.

6.

Please admit that Plaintiff was injured when one of Defendant's employees caused an object to fall from a shelf and hit Plaintiff while he was at the subject store.

7.

Please admit that you possess video and/or still camera footage of Plaintiff at, on, or near the Premises on the date of the incident.

8.

Please admit you, through employees at the subject location, had actual knowledge of the object on the shelf posing a hazard at the Premises before Plaintiff was injured.

9.

Please admit you, through employees at the subject location, had constructive knowledge of the condition of the object on the shelf being a hazard at the Premises before Plaintiff was injured.

10.

Please admit that Plaintiff was injured by a falling object while he was in an area used by invitees of the retail store where Defendant was conducting business and/or performing maintenance services on the date of incident.

11.

Please admit that on the date of this incident, the area where Plaintiff was injured is included within a designated area for inspection by employees of Defendant.

12.

Please admit that you created an internal report or investigation of the incident described in the Complaint at or near the date of the incident.

13.

Please admit that you do not possess an inspection log that indicates a representative of Defendant inspected the area and where Plaintiff was injured within 30 minutes of the subject incident on the date of incident.

14.

Please admit that there were no signs or warnings posted in the area where Plaintiff was injured prior to the subject incident on the date of incident.

15.

Please admit that at least one member of Defendant's staff observed Plaintiff after the

injury occurred.

16.

Please admit that at least one member of Defendants staff assisted Plaintiff after the injury occurred.

17.

Please admit that immediately following Plaintiff's injury, Plaintiff complained that he had become injured due to an object falling from the subject shelf while he was on the Premises.

18.

Please admit that Plaintiff was injured as a result of a falling object on the Premises on the date of the incident.

19.

Please admit that you require your employees to immediately warn invitees of known dangers on the Premises and remove the dangerous conditions as soon as possible.

20.

Please admit that jurisdiction and venue for this action are proper in this Court.

21.

Please admit that service of process on the Defendant was proper.

22.

Please admit you were properly served with this suit.

This 25th day of February, 2021.

Respectfully submitted

/s/  Nigel Phiri
Nigel Phiri
Georgia Bar No. 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Main:    (404) 965-8811
Fax:      (404) 496-7385
Email:   nphiri@forthepeople.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**MAR 01, 2021 11:37 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO:  20-A-3901** |
| | ) | |
| DIVERSIFIED MAINTENANCE | ) | |
| SYSTEMS, LLC; ABC CORPS. #1-3; | ) | **JURY TRIAL DEMANDED** |
| JOHN DOES #1-3, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff, Aniefiok Frame and states his Amended Complaint against the above referenced Defendants as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Aniefiok Frame ("Plaintiff") is a citizen and resident of the State of Georgia.

2.

Defendant Diversified Maintenance Systems, LLC (hereinafter "Diversified Maintenance"), is a foreign profit corporation registered with the Georgia Secretary of State and is subject to the jurisdiction of this Court.  Defendant may be served by issuing a summons and a copy of the Amended Complaint to its registered agent for service of process, Incorp Services, Inc., 9040 Roswell Road, Suite 500, Atlanta, GA, 30350.

3.

Defendants, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned,

managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff(s). If and when putative, entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend her/his/their pleading and cause a Summons and Complaint to be properly served.

4.

Defendants, JOHN DOES #1-3, are unidentified individuals who are potential, third-party tortfeasors. Defendants JOHN DOES #1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff(s). If and when putative, Defendants JOHN DOES #1-3 are identified, Plaintiff will timely amend her/his/their pleading and cause a Summons and Complaint to be properly served.                    .

5.

Pursuant to Article VI, Section II, Paragraph IV of the Georgia Constitution, venue is proper because Defendant Diversified Maintenance was conducting business by providing on-site services at 4101 Roswell Road, Marietta, Georgia 30062 in Cobb County.

## **FACTUAL BACKGROUND**

6.

At all material times, Diversified Maintenance contracted their services to a home improvement retail store located at 4101 Roswell Road, Marietta, Cobb County, Georgia 30062, called The Home Depot (the "Premises").

7.

On or about July 16, 2019, Plaintiff was lawfully in Home Depot's business establishment for the purpose of shopping when an employee/agent of Defendant Diversified Maintenance who

was operating a cleaning machine near where Plaintiff was shopping.

8.

While Defendant Diversified Maintenance's employee/agent was cleaning, he negligently caused the machine to collide with a shelf and the shelf fell onto Plaintiff and caused Plaintiff to suffer bodily injuries (the "Incident").

9.

Defendant Diversified Maintenance's employee/agent's negligent operation of the cleaning machine that caused Plaintiff's injuries was employed with Defendant Diversified Maintenance and, specifically, performed services at Home Depot's establishment for a sufficient length of time that Defendant Diversified Maintenance knew or reasonably should have known about the hazardous condition the negligent operation of cleaning machinery created.

10.

At all relevant times, Plaintiff exercised reasonable care for his own safety.

## **Count I: Negligence**

Plaintiff repeats and re-alleges paragraphs 1 through 10 above, verbatim.

11.

At all material times, Defendant Diversified Maintenance controlled the mode, manner, and means by which it operated its business, which required a safety program or appropriate safety measures to protect customers from the foreseeable risks of harm arising from the operation of such a business.

12.

Defendant Diversified Maintenance negligently failed to exercise reasonable care to protect its customers from foreseeable risks of harm, including:

(i)      Defendant Diversified Maintenance's safety program was inadequate to protect customers from being injured in view of foreseeable risks created by Defendant Diversified Maintenance's employee/agent's operation of machinery while customers are shopping;

(ii)     Defendant Diversified Maintenance negligently failed to follow its own protocols or procedures which would have prevented the operation of such machinery in the vicinity of clients and eliminated these risks of harm before Plaintiff was injured;

(iii)    Defendant Diversified Maintenance failed to warn the customers, including Plaintiff, of the latent defect/ hidden danger created by Defendant Diversified Maintenance's employee/agent's negligent operation of the machine, which caused Plaintiff to suffer serious personal injury.

13.

As the direct and proximate result of Defendant Diversified Maintenance's negligence, Plaintiff suffered bodily injuries, pain and suffering; past medical expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium and lost capacity for the enjoyment of life, and other economic damages including, without limitation lost wages. Plaintiff has incurred over $400,000 in past medical expenses. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

14.

As the direct and proximate result of Defendant Diversified Maintenance's negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law.  Plaintiff will continue to incur such losses in the future.

## Count II: Premises Liability

15.

Plaintiff repeats and re-alleges paragraphs 1 through 15 above, verbatim.

16.

At all material times, Defendant owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

17.

Defendant Diversified Maintenance knew of the hidden danger when its employee/agent operated the machine in the vicinity of where Plaintiff was shopping because it posed a foreseeable and an unreasonable risk of harm to customers' safety.

18.

At all relevant times, Plaintiff had no knowledge of the unsafe and dangerous condition and it was not discoverable to him in the exercise of reasonable care.

19.

Defendant Diversified Maintenance is liable for the acts and omissions of its employees/agents in failing to inspect the Premises and/or removing the hazardous condition under a theory of *respondeat superior*.

20.

As a direct and proximate result of Defendants' negligence, Plaintiff has sustained:

a.  Serious injury as defined by the laws of the State of Georgia;

b.  Past, present and future mental and physical pain and suffering, disruption of normal life and diminution in the enjoyment of life;

c.  Past medical expenses of at least $405,386.70;

d.  Punitive Damages;

e. Lost wages; and

f. Other past, present and future medical expenses and special damages to be presented at the trial of this case.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c. That Plaintiff be granted a trial by jury for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e. That Plaintiff recover general and special damages in amounts to be proved at trial; and

That this Honorable Court order such other and further relief as the Court deems just and proper.

This 25th day of February, 2021.

Respectfully submitted,

/s/ Nigel Phiri
Nigel Phiri
Georgia Bar No. 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Main:   (404) 965-8811
Fax:   (404) 496-7385
Email:   nphiri@forthepeople.com

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

20-A-3901

FEB 26, 2021 11:47 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO:  20-A-3901 |
| | ) | |
| DIVERSIFIED MAINTENANCE | ) | |
| SYSTEMS, LLC; ABC CORPS. #1-3; | ) | |
| JOHN DOES #1-3, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

### PLAINTIFF'S REQUEST FOR COPIES TO DEFENDANT

COMES NOW Plaintiff, ANIEFIOK FRAME, by and through the undersigned attorney, and here requests the attorney for the Defendants, DIVERSIFIED MAINTENANCE SYSTEMS, LLC; ABC CORPS. #1-3; and JOHN DOES #1-3, to provide copies of any and all documents secured in response to any and all Non-Party Requests sent by Defendants in the above-styled action, pursuant to O.C.G.A. §9-11-34(d)(1) and 9-11-26(e). This includes but is not limited to records from: The DirecTV Group, Inc.; American Health Imaging of Conyers; Atlanta Family Physicians; Piedmont Henry Hospital; and, Spine Center Atlanta.

This 26th day of February, 2021.

Respectfully Submitted,

/s/ Nigel Phiri
Nigel Phiri
Georgia Bar Number 110935
Attorney for Plaintiff

Page 1

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:    (404) 965-8811
Facsimile:    (404) 965-8812

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO: 20-A-3901** |
| | ) | |
| DIVERSIFIED MAINTENANCE | ) | |
| SYSTEMS, LLC; ABC CORPS. #1-3; | ) | |
| JOHN DOES #1-3, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have this day served a copy of the foregoing PLAINTIFF'S REQUEST FOR COPIES TO DEFENDANT using the court's electronic filing system upon the following:

RUTHERFORD & CHRISTIE LLP
Carrie Christie
Savannah L. Bowling
225 Peachtree Street, NE
South Tower, Suite 1750
Atlanta, Georgia 30303

HANKS LAW GROUP, LLC
Jerald R. Hanks
Brandon G. Day
1380 West Paces Ferry Road, Suite 2265
Atlanta, Georgia 30305

This 26th day of February, 2021.

Respectfully Submitted,

<u>/s/ Nigel Phiri</u>
Nigel Phiri
Georgia Bar Number 110935
Attorney for Plaintiff

Page 3

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 965-8874

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**FEB 24, 2021 10:24 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. 20-A-3901 |
| v. | ) | |
| | ) | |
| HOME DEPOT, U.S.A., INC.; | ) | |
| ABC CORPS. #1-3; | ) | |
| JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>CONSENT MOTION TO SUBSTITUTE PARTIES</u>

COME NOW, Plaintiff Aniefiok Frame ("Plaintiff") and Defendant Home Depot, U.S.A., Inc. (collectively, the "Parties"), by and through undersigned counsel and pursuant to O.C.G.A. §§ 9-11-15 and 9-11-21, and hereby jointly move this Honorable Court for the entry of an Order substituting in Diversified Maintenance Systems, LLC for Home Depot, U.S.A., Inc. in the above-captioned matter and dismissing Home Depot, U.S.A., Inc. without prejudice from the above-captioned matter. As grounds therefore, the Parties state as follows:

1. The Complaint in this case was filed on October 31, 2020. Through discovery, Plaintiff discovered that the correct party defendant is Diversified Maintenance Systems, LLC instead of Home Depot, U.S.A., Inc. given the nature of Plaintiff's allegations.

2. Plaintiff and Defendant Home Depot, U.S.A., Inc. have agreed to the instant substitution of defendant parties.

3. A proposed Order granting the Parties' Consent Motion to Substitute Proper Parties adding Diversified Maintenance Systems, LLC as the proper defendant in place of Home Depot,

U.S.A., Inc. in the above-captioned matter and dismissing without prejudice Home Depot,

U.S.A., Inc. is attached hereto.

Respectfully submitted, this 24th day of February, 2021.

Agreed and consented to by:

_____Nigel Phiri_____
*(Signed by Carrie Christie with expression permission from Nigel Phiri, Esq.)*
Nigel Phiri, Esq.
Georgia State Bar No. 110935
Morgan & Morgan, PLLC
P.O. Box 57007
Atlanta, Georgia 30343
P: 404-965-8811
F: 404-496-7385
nphiri@forthepeople.com
*Counsel for Plaintiff*

_____/s/ Carrie Christie_____
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
225 Peachtree Street
South Tower, Suite 1750
Atlanta, Georgia 30303-1730
P: (404) 522-6888
F: (404) 522-0108
info@rclawllp.com
*Counsel for Home Depot, U.S.A., Inc. and*
*Diversified Maintenance Systems, LLC*

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. 20-A-3901 |
| v. | ) | |
| | ) | |
| HOME DEPOT, U.S.A., INC.; | ) | |
| ABC CORPS. #1-3; | ) | |
| JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served a true and correct copy of the foregoing

**CONSENT MOTION TO SUBSTITUTE PARTIES** by electronic mail at the primary email

address on record with the electronic filing service provider:

Nigel Phiri, Esq.
Morgan & Morgan, PLLC
nphiri@forthepeople.com

This 24th day of February, 2021.

_____/s/ Carrie Christie_____
Carrie L. Christie
Georgia Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Counsel for Home Depot, U.S.A.,*
*Inc. and Diversified Maintenance*
*Systems, LLC*

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                    )
                                   )
                    Plaintiff,     )
                                   )        CIVIL ACTION FILE NO. 20-A-3901
v.                                 )
                                   )
HOME DEPOT, U.S.A., INC.;          )
ABC CORPS. #1-3;                   )
JOHN DOES #1-3,                    )
                                   )
                    Defendants.    )
_____    )

## ORDER GRANTING CONSENT MOTION TO SUBSTITUTE PARTIES

The Consent Motion to Substitute Parties to substitute in Diversified Maintenance Systems, LLC for Home Depot, U.S.A., Inc. as the proper defendant in the above-captioned matter, having been read and considered, and for good cause shown, this Honorable Court hereby GRANTS the Motion and Orders, Adjudges, and Decrees as follows:

That pursuant to O.C.G.A. §§ 9-11-15, and 9-11-21, Plaintiff Aniefiok Frame is granted leave of court to amend his Complaint to substitute Diversified Maintenance Systems, LLC for and in the place of Home Depot, U.S.A., Inc., with all such claims against Diversified Maintenance Systems, LLC relating back to the filing of the Complaint against Home Depot, U.S.A., Inc., and that upon entry of this Order, Home Depot, U.S.A., Inc. shall be dismissed without prejudice and removed from the style of this case as a party defendant. By consent of the parties, Diversified Maintenance Systems, LLC shall be subject to all deadlines that were in place against Home Depot, U.S.A., Inc. as not to cause delay in the proceedings.

IT IS SO ORDERED, this ___ day of _____, 2021.

_____
Hon., John S. Morgan
State Court of Cobb County

Agreed and consented to by:

____*Nigel Phiri*_____
*(Signed by Carrie Christie with expression permission from Nigel Phiri, Esq.)*
Nigel Phiri, Esq.
Georgia State Bar No. 110935
Morgan & Morgan, PLLC
P.O. Box 57007
Atlanta, Georgia 30343
P: 404-965-8811
F: 404-496-7385
nphiri@forthepeople.com
*Counsel for Plaintiff*


____*/s/ Carrie Christie*_____
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
225 Peachtree Street
South Tower, Suite 1750
Atlanta, Georgia 30303-1730
P: (404) 522-6888
F: (404) 522-0108
info@rclawllp.com
*Counsel for Home Depot, U.S.A., Inc. and*
*Diversified Maintenance Systems, LLC*

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**FEB 19, 2021 12:55 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANIEFIOK FRAME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOME DEPOT, U.S.A., INC.; | ) |
| ABC CORPS. #1-3; | ) |
| JOHN DOES #1-3, | ) |
| | ) |
| Defendants. | ) |
| | ) |

CIVIL ACTION FILE NO. 20-A-3901

## FIRST AMENDED NOTICE TO TAKE DEPOSITION OF PLAINTIFF ANIEFIOK FRAME

To:     Aniefiok Frame
        c/o Nigel Phiri, Esq.
        Morgan & Morgan, PLLC
        P.O. Box 57007
        Atlanta, Georgia 30343
        nphiri@forthepeople.com

Please take notice that, pursuant to § 26 and § 30 of the Georgia Civil Practice Act (O.C.G.A. §9-11-26 and §9-11-30), the Defendant Home Depot, U.S.A., Inc. will take the stenographic and may take the video deposition of **Plaintiff Aniefiok Frame** on **March 24, 2021** commencing at **10:00 a.m.** at the office of **Nigel Phiri, Esq.** located at **Morgan & Morgan, PLLC, 191 Peachtree St NE #4200, Atlanta, GA 30303** for the purpose of discovery, the purpose of use as evidence at trial and any other purposes allowed under Georgia Law.

Notice is further given that we reserve the right to conduct this deposition using the secure web-based deposition option afforded by Veritext or, in the alternative, video teleconferencing (VTC) services offered by Veritext ("Web Deposition") or telephonically only to provide remote access for those parties wishing to participate in the deposition via the internet

and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of reporting the proceeding and may or may not be in the presence of the deponent.

Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

In addition, we also reserve the right to use instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to the writing of the same on one's laptop, Ipad, tablet or other type of display device connected to the court reporter.

The deposition will be taken before an officer duly authorized by law to administer oaths, and will continue until completed.

This 19th day of February, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*

Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Attorneys for Defendant Home Depot, U.S.A., Inc.*

225 Peachtree Street NE
South Tower, Suite 1750
Atlanta, Georgia 30303
P: (404) 522-6888
F: (404) 522-0108
E-Mail: info@rclawllp.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                          )
                                         )
                    Plaintiff,           )
                                         )        CIVIL ACTION FILE NO. 20-A-3901
v.                                       )
                                         )
HOME DEPOT, U.S.A., INC.;                )
ABC CORPS. #1-3;                         )
JOHN DOES #1-3,                          )
                                         )
                    Defendants.          )
_____)

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served the opposing party in the foregoing matter

with a copy of the **FIRST AMENDED NOTICE TO TAKE DEPOSITION OF PLAINTIFF**

**ANIEFIOK FRAME** by electronic mail at the primary email address on record with the

electronic filing service provider:

Nigel Phiri, Esq.                        Veritext Atlanta
Morgan & Morgan, PLLC                    calendar-ga@veritext.com
nphiri@forthepeople.com
*Attorney for Plaintiff*


This 19th day of February, 2021.

                    RUTHERFORD & CHRISTIE LLP

                    */s/ Carrie L. Christie*
                    _____
                    Carrie L. Christie
                    Georgia State Bar No. 125248
                    Savannah L. Bowling
                    Georgia State Bar No. 240161
                    *Attorneys for Defendant Home Depot, U.S.A., Inc.*

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**FEB 18, 2021 11:51 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,               )
                              )
            Plaintiff,        )
                              )        CIVIL ACTION FILE NO. 20-A-3901
v.                            )
                              )
HOME DEPOT, U.S.A., INC.;     )
ABC CORPS. #1-3;              )
JOHN DOES #1-3,               )
                              )
            Defendants.       )
_____)

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served all counsel in the foregoing matter with a copy of the **DEFENDANT HOME DEPOT, U.S.A, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMETNS TO PLAINTIFF** by electronic mail at the primary email address on record with the electronic filing service provider:

Nigel Phiri, Esq.
Morgan & Morgan, PLLC
nphiri@forthepeople.com
*Counsel for Plaintiff*

This 18th day of February, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Counsel for Defendant Home Depot, U.S.A., Inc.*

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**FEB 18, 2021 11:51 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANIEFIOK FRAME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOME DEPOT, U.S.A., INC.; | ) |
| ABC CORPS. #1-3; | ) |
| JOHN DOES #1-3, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

CIVIL ACTION FILE NO. 20-A-3901

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served all counsel in the foregoing matter with a copy of the **DEFENDANT HOME DEPOT, U.S.A., INC.'S FIRST INTERROGATORIES TO PLAINTIFF** by electronic mail at the primary email address on record with the electronic filing service provider:

Nigel Phiri, Esq.
Morgan & Morgan, PLLC
nphiri@forthepeople.com
*Counsel for Plaintiff*

This 18th day of February, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Counsel for Defendant Home Depot,*
*U.S.A., Inc.*

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**FEB 18, 2021 12:14 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                    )
                                   )
          Plaintiff,               )
                                   )          CIVIL ACTION FILE NO. 20-A-3901
v.                                 )
                                   )
HOME DEPOT, U.S.A., INC.;          )
ABC CORPS. #1-3;                   )
JOHN DOES #1-3,                    )
                                   )
          Defendants.              )
_____    )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

This is to certify that pursuant to the Uniform Superior Court Rule 5.2, I have on this date

served all counsel in the foregoing matter with a  copy of the below by electronic mail at the

primary email address on record with the electronic filing service provider:

Nigel Phiri, Esq.
Georgia State Bar No. 110935
nphiri@forthepeople.com

1. Request for Production of Documents to 21st Century Insurance Company
2. Two (2) Requests for Production of Documents to Allstate Insurance Company
3. Request for Production of Documents to Harleysville Insurance Company
4. Request for Production of Documents to Liberty Mutual Insurance Company
5. Three (3) Requests for Production of Documents to Progressive Bayside Insurance Company
6. Request for Production of Documents to Safeco Insurance Company of America

This 18th day of February, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No.  240161

*Attorneys for Home Depot, U.S.A.,*
*Inc.*

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

20-A-3901

DEC 09, 2020 03:28 PM

*Robin C. Bishop*

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 20-A-3901 |
| v. | ) | |
| | ) | |
| THE HOME DEPOT, INC.; ABC CORPS #1-3; | ) | |
| JOHN DOE #1-3 | ) | |
| | ) | |
| Defendants. | ) | |

Upon review of Plaintiff's and Defendant's joint motion,

IT IS HEREBY ORDERED, that Home Depot, U.S.A., Inc. is substituted for The Home Depot, Inc. as a Defendant in this matter.

SO ORDERED this ____8th____ day of ____December____ 2020.

_____
Judge, State Court of Cobb County

Prepared by:
HANKS LAW GROUP, LLC

/s/Brandon G. Day

_____
BRANDON G. DAY
Georgia Bar No. 101496
Attorney for Home Depot U.S.A., Inc.
1380 West Paces Ferry Road, Suite 2265
Atlanta, Georgia  30327
bday@hanklawgroup.com
404-892-1991 (P)

Certificate of Service

I certify that I have on this date served a true and correct copy of the foregoing Order to all parties and/or their attorney of record by electronically filling the foregoing document using the Cobb County PeachCourt system.  I further certify that the foregoing document was served upon the following person(s) via the Cobb County PeachCourt system:

Brandon G. Day, Esq. – bday@hankslawgroup.com
Nigel Phiri, Esq. – nphiri@forthepeople.com

This, the 9th day of December, 2020.

_____
Allison Schnatmeier, Judicial Administrative Specialist
to Judge John S. Morgan, State Court of Cobb County

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

FEB 18, 2021 11:51 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                          )
                                         )
                 Plaintiff,              )
                                         )        CIVIL ACTION FILE NO. 20-A-3901
v.                                       )
                                         )
HOME DEPOT, U.S.A., INC.;                )
ABC CORPS. #1-3;                         )
JOHN DOES #1-3,                          )
                                         )
                 Defendants.             )
_____)

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served all counsel in the foregoing matter with a

copy of the **DEFENDANT HOME DEPOT, U.S.A, INC.'S FIRST REQUEST FOR**

**PRODUCTION OF DOCUMETNS TO PLAINTIFF** by electronic mail at the primary email

address on record with the electronic filing service provider:

Nigel Phiri, Esq.
Morgan & Morgan, PLLC
nphiri@forthepeople.com
*Counsel for Plaintiff*

This 18ᵗʰ day of February, 2021.

                                         RUTHERFORD & CHRISTIE LLP

                                         */s/ Carrie L. Christie____*
                                         Carrie L. Christie
                                         Georgia State Bar No. 125248
                                         Savannah L. Bowling
                                         Georgia State Bar No. 240161
                                         *Counsel for Defendant Home Depot,*
                                         *U.S.A., Inc.*

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**FEB 18, 2021 11:51 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                                )
                                               )
                          Plaintiff,           )
                                               )            CIVIL ACTION FILE NO. 20-A-3901
v.                                             )
                                               )
HOME DEPOT, U.S.A., INC.;                      )
ABC CORPS. #1-3;                               )
JOHN DOES #1-3,                                )
                                               )
                          Defendants.          )
_____       )

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served all counsel in the foregoing matter with a

copy of the **DEFENDANT HOME DEPOT, U.S.A., INC.'S FIRST INTERROGATORIES**

**TO PLAINTIFF** by electronic mail at the primary email address on record with the electronic

filing service provider:

Nigel Phiri, Esq.
Morgan & Morgan, PLLC
nphiri@forthepeople.com
*Counsel for Plaintiff*

This 18th day of February, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
*Counsel for Defendant Home Depot,
U.S.A., Inc.*

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

FEB 18, 2021 12:14 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANIEFIOK FRAME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOME DEPOT, U.S.A., INC.; | ) |
| ABC CORPS. #1-3; | ) |
| JOHN DOES #1-3, | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION FILE NO. 20-A-3901

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

This is to certify that pursuant to the Uniform Superior Court Rule 5.2, I have on this date

served all counsel in the foregoing matter with a copy of the below by electronic mail at the

primary email address on record with the electronic filing service provider:

Nigel Phiri, Esq.
Georgia State Bar No. 110935
nphiri@forthepeople.com

1. Request for Production of Documents to 21st Century Insurance Company
2. Two (2) Requests for Production of Documents to Allstate Insurance Company
3. Request for Production of Documents to Harleysville Insurance Company
4. Request for Production of Documents to Liberty Mutual Insurance Company
5. Three (3) Requests for Production of Documents to Progressive Bayside Insurance Company
6. Request for Production of Documents to Safeco Insurance Company of America

This 18th day of February, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161

*Attorneys for Home Depot, U.S.A.,
Inc.*

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**FEB 18, 2021 11:32 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                    )
                                   )
                    Plaintiff,     )
                                   )        CIVIL ACTION FILE NO. 20-A-3901
v.                                 )
                                   )
HOME DEPOT, U.S.A., INC.;          )
ABC CORPS. #1-3;                   )
JOHN DOES #1-3,                    )
                                   )
                    Defendants.    )
_____    )

## <u>NOTICE OF SUBSTITUTION OF COUNSEL</u>

Please substitute Carrie L. Christie (Lead Counsel) and Savannah L. Bowling (Associate Counsel) as counsel for Home Depot, U.S.A., Inc. in this case. Substitute counsel's address, phone number and bar number are as follows:

Carrie L. Christie
Lead Counsel
Georgia State Bar No. 125248
Savannah L. Bowling
Associate Counsel
Georgia State Bar No. 240161
Rutherford & Christie LLP
225 Peachtree Street NE
South Tower, Suite 1750
Atlanta, GA 30303-1730
P: (404) 522-6888
F: (404) 522-0108
info@rclawllp.com
clc@rclawllp.com
slb@rclawllp.com

All further pleadings, orders, and notices should be sent to substitute counsel.

This 18th day of February, 2021.

/s/ Carrie L. Christie
Carrie L. Christie
Georgia State Bar No. 125248
Savannah L. Bowling
Georgia State Bar No. 240161
Rutherford & Christie LLP
225 Peachtree Street NE
South Tower, Suite 1750
Atlanta, GA 30303-1730
P: (404) 522-6888

Monica Newsome
Home Depot, U.S.A., Inc.
2455 Paces Ferry Road
Atlanta, GA 30339-4024
Phone: 770/433-8211 x81318

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ANIEFIOK FRAME,                        )
                                       )
                Plaintiff,             )
                                       )      CIVIL ACTION FILE NO. 20-A-3901
v.                                     )
                                       )
HOME DEPOT, U.S.A., INC.;              )
ABC CORPS. #1-3;                       )
JOHN DOES #1-3,                        )
                                       )
                Defendants.            )
_____)

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this date served all parties required under Ga. R. Sup. Ct.

4.3(3) in the foregoing matter with a copy of the **NOTICE OF SUBSTITUTION OF COUNSEL**

by electronic mail and U.S. Mail to the following addresses:

Judge John S. Morgan
12 East Park Square, Courtroom 3B
Marietta, GA 30090

Nigel Phiri, Esq.
Morgan & Morgan, PLLC
nphiri@forthepeople.com
*Counsel for Plaintiff*

Jerald R. Hanks, Esq.
Brandon G. Day, Esq.
jrhanks@hankslawgroup.com
bday@hankslawgroup.com
*Former Counsel*

This 18th day of February, 2021.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>20-A-3901</u>

$198.00 COST PAID

Frame, Afieniok

_____
**PLAINTIFF**

**VS.**

The Home Depot, Inc.
ABC CORPS. #1-3
DOES #1-3, JOHN

_____
**DEFENDANTS**

**SUMMONS**

TO: ABC CORPS. #1-3

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Phiri Nigel**
> **Morgan & Morgan, PLLC**
> **P.O. BOX 57007**
> **Atlanta, Georgia 30343**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of November, 2020.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  20-A-3901

$198.00 COST PAID

Frame, Afieniok

_____

**PLAINTIFF**

**VS.**

The Home Depot, Inc.
ABC CORPS. #1-3
DOES #1-3, JOHN

_____

**DEFENDANTS**

**SUMMONS**

TO: DOES #1-3, JOHN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Phiri Nigel**
> **Morgan & Morgan, PLLC**
> **P.O. BOX 57007**
> **Atlanta, Georgia 30343**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of November, 2020.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**JAN 04, 2021 04:28 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 20-A-3901 |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC.; ABC CORPS #1-3; JOHN DOE #1-3 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Home Depot U.S.A., Inc. (hereinafter "Home Depot"), a defendant in the above-referenced matter, and files its Answer and Defenses to Plaintiff's Complaint and Demand for Trial by Jury, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

No act or omission on the part of Defendant Home Depot caused or contributed to the damages complained of by Plaintiff; therefore, Plaintiff is barred from any recovery against Defendant Home Depot whatsoever.

### THIRD DEFENSE

Defendant Home Depot is not liable to Plaintiff because Plaintiff's alleged damages were caused by the acts or failure to act of persons or entities other than Defendant Home Depot.

## FOURTH DEFENSE

Defendant Home Depot breached no duty of care to Plaintiff; on account thereof, Plaintiff is barred from any recovery against Defendant Home Depot whatsoever.

## FIFTH DEFENSE

Defendant Home Depot is not liable to Plaintiff in any amount because any alleged damages allegedly sustained by Plaintiff was not directly or proximately caused by Defendant Home Depot.

## SIXTH DEFENSE

Plaintiff may be barred and estopped to assert her alleged claim against Defendant Home Depot due to her own acts and omissions in this matter.

## SEVENTH DEFENSE

For its Seventh Defense, Defendant Home Depot responds to the individually enumerated paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Complaint, and, therefore, said allegations stand denied.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant Home Depot admits it is a foreign for-profit corporation authorized and doing business in the state of Georgia and subject to the jurisdiction of this Court. Defendant Home Depot further admits it may be served at the address alleged in Plaintiff's Complaint.

2

3.

Defendant Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint, and, therefore, said allegations stand denied.

4.

Defendant Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of Plaintiff's Complaint, and, therefore, said allegations stand denied.

5.

Defendant Home Depot admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

6.

Defendant Home Depot admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Home Depot denies its employee/agent was operating a cleaning machine.  Defendant Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of Plaintiff's Complaint, and, therefore, said allegations stand denied.

8.

Defendant Home Depot denies the allegations of Paragraph 8 of Plaintiff's Complaint.

9.

Defendant Home Depot denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10.

Defendant Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of Plaintiff's Complaint, and, therefore, said allegations stand denied.

## Count I:  Negligence

Defendant Home Depot hereby reincorporates its defenses and responses to Paragraphs 1 through 10 of Plaintiff's Complaint as if fully set forth herein.

11.

Defendant Home Depot admits the allegations of Paragraph 11 of Plaintiff's Complaint.

12.

Defendant Home Depot denies the allegations of Paragraph 12 of Plaintiff's Complaint, including all subparts.

13.

Defendant Home Depot denies the allegations of Paragraph 13 of Plaintiff's Complaint.

14.

Defendant Home Depot denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## Count II:  Premises Liability

15.

Defendant Home Depot hereby reincorporates its defenses and responses to Paragraphs 1 through 14 of Plaintiff's Complaint as if fully set forth herein.

16.

Defendant Home Depot denies the allegations contained in Paragraph 16 of Plaintiff's Complaint to the extent it imposed a duty not supported by Georgia law.

17.

Defendant Home Depot denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of Plaintiff's Complaint, and, therefore, said allegations stand denied.

19.

Defendant Home Depot denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant Home Depot denies the allegations of Paragraph 20 of Plaintiff's Complaint, including all subparts.

21.

To the extent Plaintiff's WHEREFORE Clause requires a response, said allegations stand denied.

22.

Defendant Home Depot denies Plaintiffs are entitled to any relief in any manner.

23.

Any allegation of Plaintiff's Complaint not specifically admitted herein is hereby denied.

**WHEREFORE**, Defendant Home Depot having answered Plaintiff's Complaint, hereby requests judgment in its favor, that it be dismissed from this civil action, and for such other relief as this Court deems justice to demand.

This 4th day of January, 2021.

Respectfully submitted,

**HANKS LAW GROUP, LLC**

*/s /Brandon G. Day*
JERALD R. HANKS
Georgia Bar No. 323470
BRANDON G. DAY
Georgia Bar No. 101496
*Attorneys for Defendant Home Depot U.S.A., Inc.*

1380 West Paces Ferry Rd., Suite 2265
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)
jrhanks@hankslawgroup.com
bday@hankslawgroup.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 20-A-3901 |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC.; ABC CORPS #1-3; JOHN DOE #1-3 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT upon all parties in this matter via PeachCourt addressed as follows:

Nigel Phiri
191 Peachtree Street N.E. Ste. 4200
Atlanta, Georgia  30343
nphiri@ForThePeople.com

This 4th day of January, 2021.

Respectfully submitted,
**HANKS LAW GROUP, LLC**

/s /Brandon G. Day
BRANDON G. DAY
Georgia State Bar No. 101496
*Attorney for Defendant Home Depot U.S.A., Inc.*

1380 West Paces Ferry Rd., Suite 2265
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)
bday@hankslawgroup.com

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

**DEC 04, 2020 10:09 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 20-A-3901 |
| v. | ) | |
| | ) | |
| THE HOME DEPOT, INC.; ABC CORPS #1-3; | ) | |
| JOHN DOE #1-3 | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION TO SUBSTITUTE NAMED DEFENDANT AND STIPULATION EXTENDING TIME FOR DEFENDANT HOME DEPOT U.S.A., INC. TO RESPOND TO PLAINTIFF'S COMPLAINT AND DISCOVERY

COME NOW Plaintiff and Defendant The Home Depot, Inc., by and through counsel, and jointly move this Court to substitute Home Depot U.S.A., Inc. for the current Defendant The Home Depot, Inc., as a named Defendant in this matter. Further, the parties waive any service requirement on Home Depot, U.S.A., Inc., and further stipulate that Defendant Home Depot U.S.A., Inc. shall have up through and including to January 4, 2021, in which to file and serve its Answer and Defenses to Plaintiff's Complaint and up through and including to January 18, 2021 to serve its response and objections to Plaintiff's discovery requests, including all Requests for Admission.

This 4th day of December, 2020.

**Prepared and submitted by:**
HANKS LAW GROUP, LLC

**/s/Brandon G. Day**

_____

JERALD R. HANKS
Georgia Bar No. 323470
BRANDON G. DAY
Georgia Bar No. 101496
*Attorneys for Home Depot U.S.A., Inc.*
1380 West Paces Ferry Rd., Suite 2265
Atlanta, Georgia 30305
404-892-1991 (P)

**Agreed to by:**
MORGAN & MORGAN

**/s/Nigel Phiri**

_____
*(Signed with express permission by Brandon G. Day)*
NIGEL PHIRI
Georgia Bar No. 110935
*Attorney for Plaintiff*

191 Peachtree Street N.E. Ste. 4200
Atlanta, Georgia 30343
404-965-8811 (P)

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
|   Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 20-A-3901 |
| v. | ) | |
| | ) | |
| THE HOME DEPOT, INC.; ABC CORPS #1-3; | ) | |
| JOHN DOE #1-3 | ) | |
| | ) | |
|   Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the JOINT MOTION TO SUBSTITUTE NAMED DEFENDANT AND STIPULATION EXTENDING TIME FOR DEFENDANT HOME DEPOT U.S.A., INC. TO RESPOND TO PLAINTIFF'S COMPLAINT AND DISCOVERY upon all parties in this matter via PeachCourt addressed as follows:

Nigel Phiri
191 Peachtree Street N.E. Ste. 4200
Atlanta, Georgia  30343
nphiri@ForThePeople.com

This 4th day of December, 2020.

Respectfully submitted,
**HANKS LAW GROUP, LLC**

**/s/Brandon G. Day**
_____
BRANDON G. DAY
Georgia State Bar No. 101496
*Attorney for Defendant Home Depot U.S.A., Inc.*

1380 West Paces Ferry Rd., Suite 2265
Atlanta, Georgia  30305
404-892-1991 (P)
404-892-8180 (F)
bday@hankslawgroup.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 20-A-3901 |
| v. | ) | |
| | ) | |
| THE HOME DEPOT, INC.; ABC CORPS #1-3; | ) | |
| JOHN DOE #1-3 | ) | |
| | ) | |
| Defendants. | ) | |

Upon review of Plaintiff's and Defendant's joint motion,

IT IS HEREBY ORDERED, that Home Depot, U.S.A., Inc. is substituted for The Home Depot, Inc. as a Defendant in this matter.

SO ORDERED this _____ day of _____2020.

_____
Judge, State Court of Cobb County

Prepared by:
HANKS LAW GROUP, LLC

/s/Brandon G. Day
_____
BRANDON G. DAY
Georgia Bar No. 101496
Attorney for Home Depot U.S.A., Inc.
1380 West Paces Ferry Road, Suite 2265
Atlanta, Georgia  30327
bday@hanklawgroup.com
404-892-1991 (P)

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **ANIEFIOK FRAME,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO:** |
| | ) | |
| **THE HOME DEPOT, INC.;** | ) | |
| **ABC CORPS. #1-3;** | ) | **JURY TRIAL DEMANDED** |
| **JOHN DOES #1-3,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

**COMES NOW** Plaintiff and hereby requests that Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of Morgan & Morgan Atlanta, P.L.L.C., 191 Peachtree Street NE, Suite 4200, Atlanta, Georgia 30303, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that Does not appear on the original.

2. "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3. If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4. The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences. The words in the headings are not a substitute for a full reading of the words in the actual request.

## DOCUMENT REQUESTS

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiff's Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Please produce every insurance agreement under which an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

8.

Please produce every document provided to you by any expert you expect to call as an expert witness at trial of this case that relate to any facts about the subject matter of this action.

9.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

10.

Please produce all statements Plaintiff provided to you or in your possession concerning the subject matter of this action.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective on the date of this incident as alleged in the Complaint.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective after the date of this incident as alleged in the Complaint.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection of the premises, or any reference to the subject falling object.

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of this incident as alleged in the Complaint for the subject property, including but not limited to any references to procedures for inspection, maintenance or cleaning

the shelves in the area where Plaintiff fell.

15.

A blank copy of the incident report used by Defendants for documenting, and reporting Plaintiff's injury at the subject property on the date of this incident as alleged in the Complaint.

16.

A fully legible copy of the incident report completed by you and regarding Plaintiff's injury at the subject property on the date of this incident as alleged in the Complaint.

17.

All written notes, schedules, memos, computer documentation, etc., which evidence any inspections of the subject property for the last three (3) years.

18.

Please produce all legal complaints filed against you since the date of the incident alleged in the Complaint, for allegations of an injury at the subject Premises.

19.

Please produce copies of all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a falling object at the Premises for the last three (3) years.

20.

Please produce copies of the personnel file for each employee who, to your knowledge, spoke with Plaintiff on the date of incident, cleaned or inspected within 20 feet radius of the area on the Premises where Plaintiff was injured on the date of incident prior to Plaintiff's injury, provided statements relating to any investigation or creation of an incident report related to the condition of the shelf or the falling object on the date of incident, and preserved any video recordings of Plaintiff on the Premises from the date of incident.

21.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning incidents of someone becoming injured on the subject property for the last three (3) years.

22.

Copies of any depositions taken of any of your employees, experts, consultants, or witness in any case in the last five (5) years involving allegations of someone becoming injured at the subject property.

23.

Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a workers' compensation injury being sustained at the subject property for the last three (3) years.

24.

Please produce all technical bulletins or directives sent by you or posted at the subject property concerning slip and falls in the last five (5) years.

25.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the subject area concerning Plaintiff's injury at your property on the date of the incident as alleged in the Complaint.

26.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's injury on the date of the incident as

alleged in the Complaint.

27.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning the subject object and shelf at the subject property in the subject area in the last three (3) years.

28.

Copies of any and all of your employee timesheets, reports, invoices, and emails concerning work at the subject property on the date of the incident as alleged in the Complaint.

29.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's injury at the subject property on the date of the incident as alleged in the Complaint.

30.

Please produce copies of any and all documents or reports related to the area on the Premises where Plaintiff was injured on the date of this incident including the procedure for warning patrons of potentially hazardous conditions that may be created in that area.

This 31st day of October, 2020.

Respectfully submitted,

Nigel Phiri
Nigel Phiri
Georgia Bar No. 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Main:    (404) 965-8811
Direct:  (404) 496-7275
Fax:     (404) 496-738

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ANIEFIOK FRAME,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO:** |
| | ) | |
| **THE HOME DEPOT, INC.;** | ) | |
| **ABC CORPS. #1-3;** | ) | **JURY TRIAL DEMANDED** |
| **JOHN DOES #1-3,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

**COMES NOW** Plaintiff and serves upon each Defendant Plaintiff's First Continuing Interrogatories to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within thirty (30) days from the receipt of such information, but not later than the time of trial.

### DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of any Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)  "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)    The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3)  "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4)  "Identify" means the following:

(a)    When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b)    When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)    When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in

specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d)     When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## INTERROGATORIES

1.

Please identify the full and correct legal names of the owners, manager(s), and operators of the Home Depot located at 4101 Roswell Road, Marietta, Cobb County, Georgia 30062 (the "Premises") on July 16, 2019 (the "date of incident"). If these are different persons or entities, please clarify which parties owned and which managed or operated the Premises.

2.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Documents.

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any

policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendants or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a)     Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d)     Assisted Plaintiff after sustaining an injury at your premises.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any videos, photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location on the Premises.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Identify each person you employ who was working on the Premises on the date of the incident, including the times they were working, their titles/positions, and whether they were required to inspect and/or clean the area where Plaintiff fell on the Premises on the date of incident.

11.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

12.

Please identify every time you have been informed about the falling object from the shelf within a 20' radius of Plaintiff on the date of the incident. Include with your response the name of the person providing the information, the date the information was provided, the individual who received the information, and any and all steps that were taken in response to the information.

13.

Please identify each individual who setup, cleaned, inspected or otherwise was responsible for maintenance duties on the date of this incident as alleged in the Complaint at the subject property. Were these person(s) employees or agents of Defendants? If not, please identify what entity employed them at the time of Plaintiff's injury.

14.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

15.

Identify any and all persons known to Defendants who have become injured at the subject property at any time in the last three (3) years.

16.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(a)    The exact location at the subject property where the individual was injured;

(b)    The cause of the injury;

(c)    Whether any incident report was prepared;

(d)    The information contained in such incident report;

(e)    The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having knowledge regarding said injury.

17.

Please state whether there existed, prior to the incident which is the subject of Plaintiff's

Complaint, any procedure or program for the regular inspection of the subject property by Defendants or someone acting in its behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(a) Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b) State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c) State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d) Identify all documents relating to each such procedure or program and their findings.

18.

Please identify any and all procedures or programs for inspection of the subject property, existing on the date of this incident as alleged in the Complaint, including the following:

(a) Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(b) Identify each person charged with said inspection(s);

(c) Identify each person charged with implementing and conducting each such procedure or program; and

(d) Identify all documents relating to such procedure or program and their findings.

19.

Please identify any and all changes that have been made to your policies and/or

procedures concerning inspections at the subject property since the date of this incident as alleged in the Complaint.

20.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendants or Defendants' agents and servants? If your answer is yes, please identify:

(a)     The party whom you contend was guilty of such negligence;

(b)     Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c)     Each and every fact and reason upon which you base your contentions; and

(d)     Each and every person who has any knowledge or information concerning each such fact.

21.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so:

(a)     State the date you acquired such knowledge and/or information;

(b)     State what knowledge and/or information you had;

(c)     Identify the person or persons who made such knowledge and/or information known to you;

(d)     State whether any remedial and/or corrective action was taken based upon such knowledge;

(e)     Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

(f)     Identify any documents relating to such condition and/or corrective action.

22.

Please identify any inherent aspect of the subject premises where Plaintiff was injured, which you believe posed a risk of physical injury to persons.   As to each such fact or circumstance identified:

(a)     State when you were apprised of such inherent risk of danger; and

(b)     Identify all documents relating to such fact or circumstance.

23.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

24.

Please identify any and all other similar incidents or allegations for which a visitor or employee has complained (either by letter, email, or verbally) of sustaining an injury at the subject property, occurring during the last three (3) years.

25.

Please identify any and all other similar incidents or allegations for which you have prepared an incident report concerning a visitor or employee who has complained of sustaining an injury at the subject property, occurring during the last three (3) years.

26.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed an insurance claim against Defendants and related to injuries at the subject property, occurring during the last three (3) years.

27.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed a lawsuit against Defendants and related to injuries at the subject property, occurring during the last three (3) years.

28.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

29.

Please state whether the falling object or debris related thereto was discovered by your employees within ten feet of the area where Plaintiff was injured by the falling object on the Premises on the date of this incident as alleged in the Complaint.

30.

Please identify all individuals who had knowledge of the falling object that caused Plaintiff's injury on the subject property on the date of this incident as alleged in the Complaint.

31.

Identify all instructions and documents related to inspecting the interior of the subject property in effect on the date of this incident as alleged in the Complaint.

32.

Identify any and all safety manuals and written procedures effective on the date of this

incident as alleged in the Complaint, concerning installing, maintaining, cleaning or inspecting the area of the Premises where Plaintiff was injured on the date of the incident..

33.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

This the 31st day of October, 2020.

Respectfully submitted,

Nigel Phiri
Nigel Phiri
Georgia Bar No. 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Main:    (404) 965-8811
Direct:  (404) 496-7275
Fax:     (404) 496-7385
Email:  nphiri@forthepeople.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **ANIEFIOK FRAME,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO:** |
| | ) | |
| **THE HOME DEPOT, INC.;** | ) | |
| **ABC CORPS. #1-3;** | ) | **JURY TRIAL DEMANDED** |
| **JOHN DOES #1-3,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS**

**COMES NOW** Plaintiff and hereby requests that each Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

**REQUESTS FOR ADMISSION**

1.

Please admit that on July 16, 2019 ("the date of the incident"), you owned the Home Depot Store #111 located at 4101 Roswell Road, Marietta, Cobb County, Georgia 30062 (hereinafter the "Premises").

2.

Please admit that on the date of this incident as alleged in the Complaint, you operated the subject property located at 4101 Roswell Road, Marietta, Cobb County, Georgia 30062.

3.

Please admit that on the date of this incident as alleged in the Complaint, an employee/agent was operating machinery near the area where Plaintiff was shopping on the Premises.

4.

Please admit that Plaintiff was injured due to a falling object at the subject Premises on the date of this incident.

5.

Please admit that at the time of Plaintiff's injury on the date of this incident as alleged in the Complaint, Plaintiff was an invitee at and on the subject premises.

6.

Please admit that Plaintiff was injured when one of Defendant's employees caused an object to fall from a shelf and hit Plaintiff while he was at the subject store.

7.

Please admit that you possess video and/or still camera footage of Plaintiff at, on, or near the Premises on the date of the incident.

8.

Please admit you, through employees at the subject location, had actual knowledge of the object on the shelf posing a hazard at the Premises before Plaintiff was injured.

9.

Please admit you, through employees at the subject location, had constructive knowledge of the condition of the object on the shelf being a hazard at the Premises before Plaintiff was injured.

10.

Please admit that Plaintiff was injured by a falling object while he was in an area used by invitees of Defendant on the date of incident.

11.

Please admit that on the date of this incident, the area where Plaintiff was injured is included within a designated area for inspection by employees of Defendant.

12.

Please admit that you created an internal report or investigation of the incident described in the Complaint at or near the date of the incident.

13.

Please admit that you do not possess an inspection log that indicates a representative of Defendant inspected the area where Plaintiff was injured within 30 minutes of the subject incident on the date of incident.

14.

Please admit that there were no signs or warnings posted in the area where Plaintiff was injured prior to the subject incident on the date of incident.

15.

Please admit that at least one member of Defendant's staff observed Plaintiff after the injury occurred.

16.

Please admit that at least one member of Defendants staff assisted Plaintiff after the injury occurred.

17.

Please admit that immediately following Plaintiff's injury, Plaintiff complained that he had become injured due to an object falling from the subject shelf while he was on the Premises.

18.

Please admit that Plaintiff was injured as a result of a falling object on the Premises on the date of the incident.

19.

Please admit that you require your employees to immediately warn invitees of known dangers on the Premises and remove the dangerous conditions as soon as possible.

20.

Please admit that jurisdiction and venue for this action are proper in this Court.

21.

Please admit that service of process on the Defendant was proper.

22.

Please admit you were properly served with this suit.

This 31st day of October, 2020.

Respectfully submitted

Nigel Phiri
Nigel Phiri
Georgia Bar No. 110935
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007

Atlanta, GA 30343-1007
Main:    (404) 965-8811
Direct:  (404) 496-7275
Fax:     (404) 496-7385

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3901**

NOV 02, 2020 12:09 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| ANIEFIOK FRAME, | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO:** |
| | ) | |
| THE HOME DEPOT, INC.; | ) | |
| ABC CORPS. #1-3; | ) | **JURY TRIAL DEMANDED** |
| JOHN DOES #1-3, | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff, Aniefiok Frame and states his complaint against the above referenced Defendants as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Aniefiok Frame ("Plaintiff") is a citizen and resident of the State of Georgia.

2.

Defendant The Home Depot, Inc. (hereinafter "Home Depot"), is a foreign profit corporation registered with the Georgia Secretary of State and is subject to the jurisdiction of this Court. Defendant may be served by issuing a summons and a copy of the Complaint to its registered agent for service of process, CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, Georgia, 30060.

3.

Defendants, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned,

managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff(s). If and when putative, entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend her/his/their pleading and cause a Summons and Complaint to be properly served.

4.

Defendants, JOHN DOES #1-3, are unidentified individuals who are potential, third-party tortfeasors. Defendants JOHN DOES #1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff(s). If and when putative, Defendants JOHN DOES #1-3 are identified, Plaintiff will timely amend her/his/their pleading and cause a Summons and Complaint to be properly served.

5.

Pursuant to Article VI, Section II, Paragraph IV of the Georgia Constitution, venue is proper because Defendant Home Depot resides in in Cobb County.

## **FACTUAL BACKGROUND**

6.

At all material times, Home Depot operated a home improvement retail store located at 4101 Roswell Road, Marietta, Cobb County, Georgia 30062, called The Home Depot (the "Premises").

7.

On or about July 16, 2019, Plaintiff was lawfully in Home Depot's business establishment for the purpose of shopping when an employee/agent who was operating a

cleaning machine near where Plaintiff was shopping.

8.

While Home Depot's employee/agent was cleaning, he negligent caused the machine to collide with a shelf and the shelf fell onto Plaintiff and caused Plaintiff to suffer bodily injuries (the "Incident").

9.

The Home Depot's employee/agent's negligent operation of the cleaning machine that caused Plaintiff's injuries was employed at Home Depot's establishment for a sufficient length of time that Home Depot knew or reasonably should have known about the hazardous condition the negligent operation of cleaning machinery created.

10.

At all relevant times, Plaintiff exercised reasonable care for his own safety.

## **Count I: Negligence**

Plaintiff repeats and re-alleges paragraphs 1 through 10 above, verbatim.

11.

At all material times, Home Depot controlled the mode, manner, and means by which it operated its business, which required a safety program or appropriate safety measures to protect customers from the foreseeable risks of harm arising from the operation of such a business.

12.

Home Depot negligently failed to exercise reasonable care to protect its customers from foreseeable risks of harm, including:

(i)     Home Depot's safety program was inadequate to protect customers from being injured in view of foreseeable risks created by Home Depot's employee/agent's operation of

machinery while customers are shopping;

(ii)     Home Depot negligently failed to follow its own protocols or procedures which would have prevented the operation of such machinery in the vicinity of clients and eliminated these risks of harm before Plaintiff was injured;

(iii)    Home Depot failed to warn its customers, including Plaintiff, of the latent defect/ hidden danger created by Home Depot's employee/agent's negligent operation of the machine, which caused Plaintiff to suffer serious personal injury.

13.

As the direct and proximate result of Home Depot's negligence, Plaintiff suffered bodily injuries, pain and suffering; past medical expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium and lost capacity for the enjoyment of life, and other economic damages including, without limitation lost wages. Plaintiff has incurred over $400,000 in past medical expenses. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

14.

As the direct and proximate result of Home Depot's negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

### **Count II: Premises Liability**

15.

Plaintiff repeats and re-alleges paragraphs 1 through 15 above, verbatim.

16.

At all material times, Defendant owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

17.

Home Depot knew of the hidden danger when its employee/agent operated the machine in the vicinity of where Plaintiff was shopping because it posed a foreseeable and an unreasonable risk of harm to customers' safety.

18.

At all relevant times, Plaintiff had no knowledge of the unsafe and dangerous condition and it was not discoverable to him in the exercise of reasonable care.

19.

Home Depot is liable for the acts and omissions of its employees/agents in failing to inspect the Premises and/or removing the hazardous condition under a theory of *respondeat superior*.

20.

As a direct and proximate result of Defendants' negligence, Plaintiff has sustained:

a.  Serious injury as defined by the laws of the State of Georgia;

b.  Past, present and future mental and physical pain and suffering, disruption of normal life and diminution in the enjoyment of life;

c.  Past medical expenses of at least $405,386.70;

d.  Lost wages; and

e.  Other past, present and future medical expenses and special damages to be presented at the trial of this case.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff

prays:

      a.      That process issue requiring Defendants to appear and answer Plaintiff's allegations;

      b.      That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

      c.      That Plaintiff be granted a trial by jury for all issues so triable;

      d.      That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

      e.      That Plaintiff recover general and special damages in amounts to be proved at trial; and

      That this Honorable Court order such other and further relief as the Court deems just and proper.

      This 31st day of October, 2020.

      Respectfully submitted,

      Nigel Phiri
      Nigel Phiri
      Georgia Bar No. 110935
      Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Main:  (404) 965-8811
Fax:    (404) 496-7385

# STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER   20-A-3901

$198.00 COST PAID

Frame, Afieniok

**PLAINTIFF**

**VS.**

The Home Depot, Inc.
ABC CORPS. #1-3
DOES #1-3, JOHN

**DEFENDANTS**

**SUMMONS**

TO: THE HOME DEPOT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Phiri Nigel**
> **Morgan & Morgan, PLLC**
> **P.O. BOX 57007**
> **Atlanta, Georgia 30343**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of November, 2020.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1